UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSE GUTIERREZ, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>MCNEILUS TRUCK & MANUFACTURING, INC.,<br><br>    Defendant. | Case No. 5:19-cv-01469-EJD<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO REMAND**<br><br>Re: Dkt. No. 12 |

**I.    INTRODUCTION**

    Plaintiff Jose Gutierrez ("Gutierrez") was injured while working for Green Team of San Jose ("Green Team"), a waste disposal company. Gutierrez and his spouse, Delfina Gutierrez (collectively "Plaintiffs"), initiated a personal injury suit in state court against Defendant McNeilus Truck & Manufacturing, Inc. ("Defendant"), the designer and manufacturer of the garbage trucks used by Green Team, and Does 1 through 50. Defendant removed the action to this court based on diversity of citizenship under 28 U.S.C. §1441(b). Presently before the court is Plaintiffs' motion to remand. Plaintiffs contend that the action is "nonremovable" pursuant to 28 U.S.C. § 1445(c) because the action arises under California's workers' compensation law. For the reasons set forth below, the motion to remand will be denied.

**II.    BACKGROUND[1]**

    Green Team uses front-end loading garbage trucks designed and manufactured by Defendant. The trucks are equipped with forks. The forks are inserted into the two sides of a

---

[1] The Background is a summary of the allegations in the complaint.

Case No.: 5:19-cv-01469-EJD
ORDER DENYING PLAINTIFFS' MOTION TO REMAND
1

1   debris box to raise and tilt the box so that the garbage empties into the truck bed. The forks do not
2   have any securing devices to prevent a debris box from slipping off and falling into the truck bed.
3   Defendant's operator manual does not include any instructions regarding how to retrieve a debris
4   box when it slips off of the forks and falls into the truck bed.

On September 29, 2017, a Green Team employee was on his garbage collection route when a debris box slipped off of the forks and fell into the truck bed. Green Team employees decided to try to retrieve the debris box by connecting the box by chain to a hydraulic lifting device which would then lift the box out of the truck bed. The plan was to have Gutierrez attach the chain to the debris box. Gutierrez used the ladder installed by Defendant at the rear of the garbage truck to climb on top of the truck. While Gutierrez was on the roof of the truck, he slipped and fell twelve to fourteen feet onto the ground and sustained severe injuries. Gutierrez filed an application for workers' compensation benefits and has received approximately $300,000 in benefits. Pls.' Mem. of P. & A. In Supp. of Mot. To Remand 2 (Dkt. No. 12-1).

Plaintiffs initiated this suit in state court asserting claims against Defendant for general negligence, products liability and loss of consortium. Plaintiffs indicated on the form complaint that Santa Clara County Superior Court was the "proper court because [u]nder California Workers' Compensation Law, and specifically California Labor Code Section 3852, [P]laintiffs claim employer has the right to subrogation of any Workers' Compensation benefits paid to Plaintiff which arises under Labor Code 3852 and his employer Green Team of San Jose, Inc." Dkt. No. 1-2. Defendant filed an answer in Santa Clara County Superior Court and a few days later removed the action to this court pursuant to 28 U.S.C. §1441(b).

### III. STANDARDS

A remand may be ordered either for lack of subject matter jurisdiction or for any defect in the removal procedure. 28 U.S.C. § 1447(c). Where a motion for remand is filed, the burden of proof is on the defendant to establish that removal was proper. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Removal statutes are strictly construed and doubts as to removability are resolved in favor of remanding the case. *Id*.

Case No.: 5:19-cv-01469-EJD
ORDER DENYING PLAINTIFFS' MOTION TO REMAND
2

## IV. DISCUSSION

Here, Plaintiffs do not dispute that the parties are diverse and the amount in controversy exceeds the jurisdiction minimum under 28 U.S.C. § 1332. Rather, Plaintiffs contend that this is a "nonremovable action" under 28 U.S.C. § 1445(c) because Plaintiffs' claims "aris[e] under" California's worker compensation law. The court disagrees.

Section 1445(c) provides that "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be removed to any district court of the United States." 28 U.S.C. § 1445(c). If section 1445(c) applies, a case is not removable even if it presents a federal question or there is diversity. *Humphrey v. Sequentia, Inc.*, 58 F.3d 1238, 1244 (8th Cir. 1995).

Whether an action is one "arising under the workmen's compensation laws" of a State under section 1445(c) is governed by federal law. *Humphrey*, 58 F.3d at 1245. Although neither Congress nor the Ninth Circuit has defined "arising under" in the context of section 1445(c), "all courts to have addressed the issue agree that 'arising under' in §1445 has the same meaning as it does in 28 U.S.C. § 1331." *Snelling Emp't, LLC v. Cousins Packaging, Inc.*, No. 14-5018 RMW, 2015 WL 328402, at *1 (N.D. Cal. Jan. 23, 2015). In the context of § 1331, "arising under" means that "it is apparent from the face of the complaint either that (1) a federal law creates the plaintiff's cause of action; or (2) if a state law creates the cause of action, a federal law that creates a cause of action is a necessary element of the plaintiff's claim." *Virgin v. Cnty. of San Luis Obispo*, 201 F.3d 1141, 1142–43 (9th Cir. 2000). "Importing that definition to § 1445(c), a civil action 'arises under' a state's workers'-compensation law when the worker's-compensation law creates the plaintiff's cause of action or is a necessary element of the claim." *Ramirez v. Saia Inc.*, No. 14-04590 ODW, 2014 WL 3928416, at *2 (C.D. Cal. Aug. 12, 2014).

Plaintiffs contend that their claims "arise under" California's workers' compensation law not because their three claims for negligence, products liability and loss of consortium "arise under" California's workers' compensation law, but because California Labor Code section 3852 provides Gutierrez's employer, Green Team, a right to subrogation. California Labor Code

Case No.: 5:19-cv-01469-EJD
ORDER DENYING PLAINTIFFS' MOTION TO REMAND
3

section 3852 provides in relevant part that "[a]ny employer who pays, or becomes obligated to pay compensation, or who pays, or becomes obligated to pay salary in lieu of compensation . . . may likewise make a claim or bring an action against the third person." Cal. Lab. Code § 3852.[2]

There is no question that an insurer's suit under section 3852 to recover workers' compensation benefits "arises under" California's workers' compensation law and is therefore nonremovable. *Zurich Am. Ins. Co. v. GMC*, 242 F. Supp. 2d 736 (E.D. Cal. 2003); *Snelling Employment, LLC v. Cousins Packaging, Inc.*, No. 14-5018 RMW, 2015 WL 328402, at *1 (N.D. Cal. Jan. 23, 2015). Indeed Defendant readily acknowledges this.[3] Defendant argues persuasively, however, that section 1445(c) is not implicated in this case because neither Gutierrez's employer nor its workers' compensation insurer has asserted a subrogation claim.[4] In *Camacho v. JLG Indus., Inc.*, No. 17-1188 DOC, 2017 WL 3894981 (C.D. Cal. 2017), plaintiffs filed suit in state court asserting claims for products liability, negligence, and loss of consortium arising out of Mr. Camacho's fall from a scissor lift manufactured by defendant. Mr. Camacho's workers' compensation carrier, NSIC, filed a motion to intervene to assert a subrogation claim under section 3852. After the motion was filed but before the scheduled hearing on the motion to intervene, defendant removed the action based on diversity jurisdiction. As in the instant case, the plaintiffs in *Camacho* did not contest that diversity jurisdiction existed and instead argued that removal was barred by section 1445(c). The *Camacho* court denied the motion to remand, reasoning as follows:

> An intervening employer or insurance company has the right to recover in the same suit as the plaintiff under California Labor Code § 3852. *Id*. Because of that right and because 28 U.S.C. 1445(c) prohibits removal of the intervener's claim, once a party lawfully intervenes in state court, the plaintiff's otherwise removable claim can no longer be removed. *Id*. However, Plaintiffs' assertion that removal to this Court was procedurally improper because a motion

---

[2] Although section 3852 refers to "employers," an employer's insurance carrier may also assert a claim for subrogation. *See* Cal. Lab. Code § 3850(b).
[3] Def.'s Br. In Opp'n To Pls.' Mot. To Remand 2-3.
[4] Plaintiffs acknowledge in their motion to remand that counsel for Gutierrez's employer "have not yet determined [whether] to file a subrogation action pursuant to the Act." Pls.' Mem. of P. & A. In Supp. of Mot. To Remand 2.

Case No.: 5:19-cv-01469-EJD
ORDER DENYING PLAINTIFFS' MOTION TO REMAND
4

> to intervene was pending in state court is incorrect. In California, "an intervener becomes an actual party to the suit by virtue of the order authorizing him to intervene." *W. Heritage Ins. Co.*, 199 Cal. App. 4th at 1206. Because JLG removed this case before NSIC became a party, 28 U.S.C. § 1445(c) does not apply.

*Camacho*, 2017 WL 3894981, at *2. After concluding that section 1445(c) did not apply, the *Camacho* court observed that the outcome was "in tension with the policy goals of 28 U.S.C. § 1445(c), which include (1) preserving the plaintiff's forum choice in workers' compensation cases, (2) protecting the state's interest in administering their own workers' affairs, and (3) reducing federal courts' workload." *Id*. (citing *Zurich*, 242 F. Supp. 2d at 739). The *Camacho* court also observed, however, that section 1445(c) only proscribes removal of subrogation claims and, therefore, the plaintiffs' workers' compensation carrier, NSIC, could file a subrogation claim directly in federal court after the removal. *Id*. at *3 (citing *Vasquez v. N. Cty. Transit Dist.*, 292 F.3d 1049, 1061–62 (9th Cir. 2002), as amended (Aug. 7, 2002) (explaining that the § 1445(c) statutory prohibition against removal of actions arising under state workers' compensation laws is procedural rather than jurisdictional, and thus does not preclude a claim under California Labor Code § 3852 from being filed directly in federal court (citing *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 352 (1961)))). Here, neither Green Team nor the workers' compensation insurance carrier has sought to intervene. They are not parties to this action. Therefore, section 3852 does not bar removal. *Id*.

Because neither Green Team nor the workers' compensation insurance carrier is a party, Plaintiffs' reliance on *Alonso v. Blount, Inc.*, No. 16-3986 BRO, 2016 WL 4251569 (C.D. Cal. Aug. 10, 2016) is also misplaced. In *Alonso*, the plaintiff was injured while at work when a wall saw malfunctioned and he filed suit in state court against the designer, manufacturer, and distributor of the saw. *Id*. at *2. The workers' compensation insurance provider, Zurich, filed a Complaint-in-Intervention seeking reimbursement of all workers' compensation benefits paid to plaintiff pursuant to section 3852. *Id*. After the Complaint-in-Intervention was filed, the defendants removed the action to federal court invoking diversity jurisdiction. *Id*. The *Alonso* court granted

Case No.: 5:19-cv-01469-EJD
ORDER DENYING PLAINTIFFS' MOTION TO REMAND
5

the plaintiff and Zurich's motions to remand, reasoning that although the plaintiffs' product liability-based causes of action did not arise under workers' compensation laws, Zurich's ability to bring its subrogation action depended entirely on section 3852—a California workers' compensation law. As stated previously, neither Green Team nor the workers' compensation insurance carrier has sought to intervene. Neither is a party to this action. Plaintiffs anticipate that one or the other will assert their subrogation rights. Pls.' Mem. of P. & A. In Supp. of Mot. To Remand 5 (Dkt. No. 12-1). If they do, they may proceed with their section 3852 claim in this court. *Camacho*, 2017 WL 3894981, at *3.

Plaintiffs' reliance on *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1117 (1999) is also misplaced. In that case, the plaintiff filed suit in state court against her former employer under the Texas Workers' Compensation Act, the Texas Commission on Human Rights Act, and the Age Discrimination in Employment Act. *Id*. at 1115. After removal to federal court on the basis of federal question jurisdiction, the plaintiff added claims under the Americans with Disabilities Act. *Id*. at 1116. On appeal, the *Sherrod* court held that the trial court erred by failing to sever and remand the Texas worker's compensation claims. Unlike in *Sherrod*, Plaintiffs in the instant case have not asserted any claims that arise under California's worker's compensation law.

Finally, Plaintiffs urge the court to interpret California's worker's compensation statutes liberally in favor of the worker and remand the action to their chosen forum. Pls.' Reply To Opp'n To Mot. To Remand 3-5 (Dkt. No. 15). Plaintiffs assert that "[b]oth claims of employer and employee must be joined to avoid multiple litigations wasting judicial resources." *Id*. at 3. At present, however, the Green Team has not asserted any claim that "must be joined," and if Green Team chooses to do so in the future, it may proceed with a section 3852 claim in this court "to avoid multiple litigations wasting judicial resources."

//
//
//

Case No.: 5:19-cv-01469-EJD
ORDER DENYING PLAINTIFFS' MOTION TO REMAND
6

## V. CONCLUSION

For the reasons set forth above, Plaintiffs' motion to remand is DENIED.

**IT IS SO ORDERED.**

Dated: October 21, 2019

EDWARD J. DAVILA
United States District Judge